UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONA MOAZZAZ,<br><br>        Plaintiff,<br><br>  v.<br><br>METLIFE, INC.; MICHEL KHALAF, in his individual and professional capacities; STEVEN KANDARIAN, in his individual and professional capacities;  FRANS HIJKOOP, in his individual and professional capacities; SUSAN PODLOGAR, in her individual and professional capacities; and GARY HEDIGER, in his individual and professional capacities,<br><br>        Defendants. | 19-cv-10531 (JPO)<br><br>**STIPULATION AND ORDER OF CONFIDENTIALITY** |

  WHEREAS, Plaintiff Mona Moazzaz ("Moazzaz") and Defendants MetLife Group, Inc. (improperly named in the Amended Complaint as "MetLife, Inc."), a subsidiary of MetLife, Inc. ("MetLife" or the "Company"), Michel Khalaf, Steven Kandarian, Frans Hijkoop, Susan Podlogar, and Gary Hediger (collectively, "Defendants") (collectively referred to herein as "the Parties") are presently engaged in discovery in connection with the above-captioned action (the "SDNY Litigation"); and

  WHEREAS, the Parties consider some of the information being sought in discovery or contained in documents being sought in discovery to be of a confidential nature (hereinafter "Confidential Information"); and

  WHEREAS, the Parties have voluntarily agreed to this Stipulation to permit Plaintiff's and Defendants' counsel to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

1

IT IS HEREBY AGREED by and between the undersigned Parties that the following restrictions and procedures shall apply to Confidential Information produced by the Parties (regardless of whether such Confidential Information is produced informally or in response to a formal discovery request):

1.      Subject to any Party's right to challenge a confidentiality designation, the phrase "Confidential Information" shall mean any material containing sensitive non-public business information, financial information, personal information, personnel information, trade secrets, and/or other confidential or proprietary commercial, research, or development information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.  Confidential Material may include, *inter alia*, all sensitive non-public materials containing information related to: MetLife actual and potential clients and/or investors; financial or business plans, data or projections; proposed plans or strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; personal information regarding personnel, including regarding employees, officers, directors or partners; personal information regarding third-parties; information or documents subject to confidentiality or non-disclosure agreements with third parties; Company processes, procedures, standards, formulas, and other related information, including Company guidelines, manuals, internal investigatory records, or software; or other commercially sensitive or proprietary information.

2.      **"Confidential-Attorney Eyes Only"** is defined as Confidential Information that contains (i) highly sensitive confidential personal information or (ii) highly sensitive confidential or proprietary business information, a trade secret or other commercial or financial information that the Producing Party, in good faith, believes would result in competitive or commercial harm in the market place if the information were disseminated to persons other than Parties' internal

2

counsel and/or counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action.

3.  Any Party may designate information produced during the course of the SDNY Litigation as Confidential Information or Confidential Attorney Eyes Only if and only if that Party believes in good faith that the information satisfies the definitions of Confidential Information or Confidential Attorney Eyes Only as set forth in Paragraphs 1 and 2.

4.  Confidential Information produced in the SDNY Litigation may be designated as "Confidential" by a Producing Party at the time of production or thereafter, by: (a) marking or stamping each page of any such document "Confidential"; (b) marking the legend "Confidential" on the first page of a multi-page document; or (c) otherwise informing (in writing) one or more of the attorneys inspecting the documents, recordings or information that the material is "Confidential."  In the case of testimony, or other Confidential Information disclosed during the course of the SDNY Litigation, a Party may designate such information as Confidential by stating on the record that such testimony shall be Confidential, and/or by designating such information as Confidential in a written notice.  A party may designate Confidential Information as "Confidential-Attorneys' Eyes Only" by stamping on the document "Confidential-Attorneys' Eyes Only" in the same way that a "Confidential" designation would be affixed to Confidential Information.

5.  In the event that that a Party disagrees with the designation by another Party of any document, recording or information as "Confidential" or "Confidential-Attorneys' Eyes Only" the Parties will attempt to first resolve such dispute on an informal basis before presenting the dispute to the Judge or Magistrate Judge.  If the designating Party refuses to remove the designation, the other Party may request that the Judge or Magistrate Judge review the document,

recording or information to determine whether it has improperly been designated. The burden remains on the party asserting that the document, recording or information should be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to demonstrate that such documents, recordings or information warrants the designation.

6. Documents, recordings or information designated as "Confidential" by the Parties pursuant to the terms of this Confidentiality Stipulation shall be maintained in confidence by the Party or person receiving such document, recordings or information, to be used solely for the purposes of the SDNY Litigation, and shall not be disclosed by the receiving Party or person to any person, except to:

(a) the Parties themselves, including Defendants' employees, officers and in-house counsel, to whom, in the good faith opinion of counsel of record for Defendants, it is reasonably necessary that Confidential Information be shown solely for the purposes of the SDNY Litigation;

(b) counsel of record for the Parties in the SDNY Litigation, including partners, associates, co-counsel, legal assistants, secretaries or other support staff of such counsel assigned to assist such counsel, and solely for the purposes of the SDNY Litigation;

(c) experts, consultants, accountants and other third parties expressly retained or employed by counsel for the Parties to assist in the preparation of the SDNY Litigation and who have a need to review Confidential Information in connection with such work, whether or not said third parties shall subsequently testify, provided such third parties are first given a copy of this Confidentiality Stipulation and agree in writing to be bound by the

terms of this Confidentiality Stipulation. Each such individual shall sign a document in the form attached hereto as Exhibit 1;

(d) any potential witnesses when they testify at any hearing in the SDNY Litigation, or are prepared to testify at any hearing in the SDNY Litigation, or are interviewed by a party, whether or not such potential witness shall subsequently testify, provided such potential witnesses are first given a copy of the Confidentiality Stipulation and shall agree in writing to be bound by the terms of the Confidentiality Stipulation;

(e) court reporters;

(f) the Judge and Magistrate Judge in the SDNY Litigation;

(g) court personnel responsible for the SDNY Litigation;

(h) Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation.

7. Confidential Information designated as "Confidential-Attorneys Eyes Only," means that the Producing Party believes in good faith that the Confidential Information is not generally known to others and has significant value such that disclosure to others would create a substantial risk of injury. Except with the prior written consent of the Producing Party or by order of the Judge or Magistrate Judge or Court, "Confidential-Attorneys' Eyes Only" information shall not be furnished, shown or disclosed to any person or entity except for those listed in Paragraphs 6(b) through 6(h) above.

8. Any person receiving Confidential Information shall not reveal any part of such Confidential Information to, or discuss such Confidential Information with, any person who is

not entitled to disclosure of such materials under Paragraphs 6 and 7 above or reveal any part of such Confidential Information for a purpose not set forth in Paragraphs 6 and 7 above.

7. If Confidential Information designated in accordance with the procedure set forth in this Confidentiality Stipulation is disclosed to any person other than those listed in Paragraphs 6 and 7 above or other than for the purpose set forth in Paragraphs 6 and 7 above, the Party responsible for the disclosure must immediately notify counsel for the Party whose Confidential Information has been disclosed of such disclosure, and, without prejudice to the other rights and remedies of such Party whose Confidential Information has been disclosed, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

8. Production of any Confidential Information by the Parties does not waive objections by the Parties as to the admissibility of such documents or recordings in evidence.

9. In the event that any Confidential Information produced by the Parties is subpoenaed by any court or regulatory, administrative or legislative body, or any person purporting to have authority to subpoena such documents, recordings or information (other than a Party in the SDNY Litigation), a non-designating Party shall not produce such documents, recordings or information without first giving at least seven (7) days written notice to the Party that had designated such documents or information as confidential so as to enable the designating Party to have a reasonable opportunity to seek protective relief, provided that the nothing herein requires any Party to be in default of any subpoena.

10. The inadvertent failure to designate any document, recording or information as "Confidential" or "Confidential-Attorneys' Eyes Only" shall not be deemed a waiver of such status if such document, recording or information is properly designated as such by such Party promptly upon discovery of such failure.

11. The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product privilege shall not waive the attorney-client privilege or the attorney work-product privilege.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a Party that it has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product privilege, each Party receiving said document shall immediately refrain from any continued review of that document and return it and all copies within three (3) business days to the Producing Party.  If such inadvertently produced material has already been disclosed, the Party causing such disclosure shall, within forty-eight (48) hours of becoming aware of such disclosure, inform the person receiving the inadvertently produced material; make reasonable and good faith efforts to retrieve such material; destroy the material upon retrieval or arrange for the material to be destroyed, if possible; and promptly inform the Producing Party of the disclosure.  If the Receiving Party contests the claim of privilege, it shall notify the Producing Party in writing.  Within twenty-one (21) days after it reasonably appears that good faith efforts to resolve the dispute have failed, the Producing Party may apply to the Court for an order that such materials are protected from disclosure by privilege. Nothing herein shall prevent the receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and only such other information as is reasonably necessary to identify the document and describe its nature to the Judge or Magistrate Judge in any motion to compel production of the document.  Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in the SDNY Litigation.  After the return of the document(s),

the receiving Party may challenge the producing Party's claim(s) of privilege or work-product by making a motion to the Judge or Magistrate Judge.

12. Nothing contained herein shall be construed or applied to affect the rights of any party to discovery or to prohibit any Party from seeking such further provisions or relief as they may deem appropriate or desirable regarding this Confidentiality Stipulation or the matter of confidentiality.

13. Within forty-five (45) days of the conclusion of the SDNY Litigation (including any appeals), all Parties in receipt of material treated as confidential under this Confidentiality Stipulation shall make commercially reasonable efforts to either return such materials and copies thereof to the producing Party or destroy such materials and certify that fact.  Counsel for the Parties may retain such material in their files, but shall keep all such material confidential in accordance with the terms and intent of this Confidentiality Stipulation.  The receiving Party is not required to return or destroy Confidential information that:

    (a)    is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes;

    (b)    is located in the email archive system or archived electronic files of departed employees;

    (c)    is otherwise stored in electronic systems from which deletion is not feasible or practicable;

    (d)    must be retained pursuant to the receiving Party's legal or regulatory retention obligations; or

    (e)    is subject to legal hold obligations; provided however, that these materials continue to be subject to the terms of this Confidentiality Stipulation.

14. Should any document, recording or information provided pursuant to this Confidentiality Stipulation be disclosed, released or used for any purpose in violation of the terms or intent of this Confidentiality Stipulation, the Parties have agreed that the Party whose Confidential Information has been released or used for any purpose in violation of the terms or intent of this Confidentiality Stipulation has no adequate remedy at law for such breach and will be entitled to declaratory or injunctive relief to redress violations of the terms hereof.

15. Nothing herein shall prevent each Party from making whatever use of its own Confidential Information that it wishes.

16. This Confidentiality Stipulation may be modified only by subsequent written agreement of the Parties.

17. This Confidentiality Stipulation shall be governed by New York law.

**SO STIPULATED.**

| WIGDOR LLP | PROSKAUER ROSE LLP |
|---|---|
| By: _____ | By: _____ |
| Michael J. Willemin | Joseph Baumgarten |
| Renan F. Varghese | Joseph O'Keefe |
| 85 Fifth Avenue | Eleven Times Square |
| New York, New York 10003 | New York, New York 10036 |
| (212) 257-6800 | (212) 969-3000 |
| Attorneys for Plaintiff | Attorneys for Defendants |

Date: August 17, 2021                                Date: August 18, 2021

**SO ORDERED.**

Date: Aug. 20, 2021

_____
J. PAUL OETKEN
United States District Judge

# EXHIBIT 1

## AGREEMENT CONCERNING MATERIAL COVERED BY THE CONFIDENTIALITY STIPULATION

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation entered into by and among Mona Moazzaz and Defendants MetLife Group, Inc., Michel Khalaf, Steven Kandarian, Frans Hijkoop, Susan Podlogar, and Gary Hediger, which is attached hereto, and that (s)he understands the terms thereof, and agrees to be bound by its terms.

_____
NAME AND TITLE/AFFILIATION

Dated: _____