

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 18, 2022

Joseph Baumgarten
Member of the Firm
d +1.212.969.3002
f 212.969.2900
jbaumgarten@proskauer.com
www.proskauer.com

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

Re: *Moazzaz v. MetLife, Inc., et al.*, Case No. 19-cv-10531 (JPO)(OTW)

Dear Judge Oetken:

We represent the Defendants in the above-captioned action.  We write to respectfully request that – pursuant to the Stipulation and Order of Confidentiality in this matter, dated August 20, 2021 (the "Confidentiality Agreement"), the Court review information produced by Plaintiff which we believe: (1) is improperly designated as "Confidential – Attorneys' Eyes Only"; and (2) contains improper redactions.

**A.  Relevant Background**

On February 8, 2022, Plaintiff produced a 251-page manuscript purporting to be a non-fiction account of events during her employment at MetLife.  The manuscript relies in substantial part on internal MetLife documents and audio recordings of internal meetings.  It also contains extensive descriptions of events discussed in the Amended Complaint, some of which contradict Plaintiff's assertions in the pleadings in this case, and many of which involve the Individual Defendants.  Plaintiff designated the entirety of this manuscript as "Attorneys' Eyes Only" and redacted portions of the document without further explanation.

We first raised our concerns in a February 15 letter to Plaintiff's counsel.  (Exhibit A.)  In that letter we demanded that Plaintiff: (1) remove the baseless redactions from the manuscript; and (2) remove the Attorneys' Eyes Only designation from the entire document, as we had an immediate need to share the material with our clients.  On February 16, Plaintiff's counsel refused to remove the redactions, stating only that the redacted material was "irrelevant," but agreed to discuss with their client removing the Attorneys' Eyes Only designation.  (Exhibit B.)

Between February 16 and March 4, Plaintiff corresponded with us on other discovery matters, but did not provide an update regarding the redactions or Attorneys' Eyes Only designation.  On March 4, we raised these issues again in a letter to Plaintiff's counsel, reiterating our demand that Plaintiff remove the redactions and designation from the manuscript. (Exhibit C.)  Alternatively, we sought additional explanation for both.  In the same letter, we stated that, should Plaintiff refuse to remove the designation, we would raise the topic with the Court as we had an immediate need to share the material with our client.

# Proskauer»

Honorable J. Paul Oetken
April 18, 2022
Page 2

Plaintiff responded on March 8 and agreed to produce an unredacted version of the manuscript for our review, offering to meet and confer if, after review, we felt a need to share only those sections with our client. (Exhibit D.) As to the Attorneys' Eyes Only designation, Plaintiff refused to remove the designation because, she claims, the manuscript is a "work in progress" and "[u]ntil such time as [Plaintiff] makes the decision to try and publish the book," showing the document to a third party "would harm her writing prospects, as well as the potential for the book itself."

On March 18, by phone, we notified Plaintiff's counsel that we disagreed with their position in the March 8 letter and that we will need to share the manuscript with the Individual Defendants as well as MetLife's inside counsel. Plaintiff's counsel responded that they would only consider disclosing sections or pages of the manuscript which we identify as necessary. We agreed to discuss with our client and provide a response before raising the issue with the Court.

On March 21, Plaintiff produced an unredacted version of the manuscript, which we discuss in detail below. On March 28, the parties again conferred by phone. We proposed that Plaintiff remove the Attorneys' Eyes Only designation, and in return, the redactions could remain. Plaintiff's counsel agreed to respond to this proposal by March 30. Instead, Plaintiff's counsel responded on April 7 and alerted us that Plaintiff "needs some time to consider" the proposal and "would let us know what [they] decide[d]." We responded that the issue had been pending for too long and that we required a response by the close of business on April 8 or else would proceed with filing a letter motion to the Court. On April 8 Plaintiff's counsel responded, rejecting our compromise proposal of March 28, and again suggesting that they would consider a request to lift the AEO designation on "select portions of the book … if you believe it is necessary to show those portions to your client." With regard to redactions their response was the same.

Plaintiff's proposal is unworkable. As noted above the manuscript contains extensive descriptions of matters relevant to the allegations in the Amended Complaint which discuss the alleged actions of MetLife and the Individual Defendants. Plaintiff has waived any rights she may claim to have with respect to the contents of the manuscript by filing her lawsuit which rests upon the same events depicted in the manuscript. All of the Defendants are entitled to review the full context of the manuscript to assist in preparing their defense.

## B. AEO Designation

The Confidentiality Agreement in this matter stipulates that any Party may designate information as Attorneys' Eyes Only if it believes that the information contains:

(i) highly sensitive confidential personal information or (ii) highly sensitive confidential or proprietary business information, a trade secret or other commercial or financial information that the Producing Party, in good faith, believes would result in competitive or commercial harm in the market place if the information were disseminated to persons other than Parties' internal counsel and/or counsel retained specifically for this action,

**Proskauer»**

Honorable J. Paul Oetken
April 18, 2022
Page 3

> including any paralegal, clerical or other assistant employed by such counsel and
> assigned specifically to work on this action.

Exhibit E, at Para. 2.

The Confidentiality Agreement further states that, except with the prior written consent of the Producing Party or by order of the Court, information designated as "Attorneys' Eyes Only" <u>shall not</u> be furnished, shown, or disclosed to the Parties, including Defendants' employees, officers, and in-house counsel. *Id*. at Para. 6(a); 7.

If a Party disagrees with another Party's designation, the Parties must first attempt to resolve the dispute before presenting the dispute to the Court. As detailed above, we repeatedly tried to resolve this dispute, to no avail. If, as here, the designating Party refuses to remove the designation, the other Party may request that the Court review the document to determine whether the designation is improper. <u>The burden remains on the designating party to demonstrate that the designation is proper.</u> *Id*. at Para. 5.

We respectfully request that the Court review the manuscript in its entirety. The document does not contain material fitting the description above. In fact, the only "sensitive" information in the manuscript comes from confidential documents and recordings improperly retained following or made during Plaintiff's employment. Plaintiff has since produced all of this source material, which is more detailed than anything contained in the manuscript, yet Plaintiff did not designate any of that information as Attorneys' Eyes Only.

What the manuscript *does* contain is detailed accounts of many of the alleged incidents in Plaintiff's Complaint, as well as additional allegations against MetLife and the Individual Defendants in this matter, thinly veiled behind pseudonyms (*e.g.* "MetLife" becomes "RavenLife"). Most importantly, Plaintiff's account of these events in the manuscript – <u>which purports to be a work of non-fiction</u> – often diverges from her account in the Complaint. These allegations and inconsistencies are clearly relevant and we must be able to share the material with our clients to properly prepare and defend them in this proceeding.

Lastly, we would like to note that – save for a single sensitive email – we have only used the Attorneys' Eyes Only designation where explicitly agreed upon by the Court (*e.g.*, the names of individuals who received executive coaching). In contrast, here Plaintiff's only justification is that showing the manuscript to our client would somehow damage Plaintiff's "writing prospects" and "the potential for the book itself." This explanation clearly does not satisfy the burden as required by the Confidentiality Agreement.

### C. Redactions

On March 21, Plaintiff produced an unredacted version of the manuscript, arguing that the redacted material was "irrelevant" to Plaintiff's allegations. Plaintiff's explanation is insufficient and inconsistent in practice. Without disclosing particulars, the redacted portions include: material about initiatives that Plaintiff touts as accomplishments in her Amended Complaint;

Proskauer»

Honorable J. Paul Oetken
April 18, 2022
Page 4

descriptions of physical side effects of stress allegedly caused by one of the Individual Defendants; and passages about consultants referenced in Plaintiff's Complaint.  Other redacted portions are as limited as a single sentence about the television shows she watches to an entire chapter about her childhood, education, and professional history prior to her employment with MetLife.  Some of the redacted material is, in fact, relevant, and the rest is arbitrarily withheld.

Here, the redactions are not based on any privilege, are part of a responsive document, and provide necessary context to the manuscript and Plaintiff's allegations in the Amended Complaint.  The redactions should be removed.

**D.  Conclusion**

For the foregoing reasons, we respectfully request that the Court review the above-discussed documents and instruct Plaintiff to remove all redactions and the Attorneys' Eyes Only designation as improper.

Respectfully submitted,

*/s Joseph Baumgarten*

Joseph Baumgarten

cc: Michael J. Willemin, Renan F. Varghese