UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONA MOAZZAZ,

                          Plaintiff,

-v-

MET LIFE, INC., *et al.*,

                          Defendants.

19-CV-10531 (JPO)

MEMORANDUM
AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Mona Moazzaz brought this action against MetLife Group, Inc. ("MetLife"), Michel Khalaf, Steven Kandarian, Frans Hijkoop, Susan Podlogar, and Gary Hediger, asserting claims under the Equal Pay Act (EPA), 29 U.S.C. §§ 206, *et seq.*, New York Equal Pay Law (NYEPL), New York Labor Law § 194(1), the New York State Human Rights Law (NYSHRL), N.Y. Executive Law §§ 290, *et seq.*, and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101, *et seq*. As relevant here, the Court granted summary judgment in favor of Khalaf as to the NYSHRL and NYCHRL claims but denied Khalaf's motion for summary judgment as to the EPA and New York Labor Law claims. Before the Court is Khalaf's motion for reconsideration of the summary judgment decision with respect to the two surviving claims. For the reasons that follow, Khalaf's motion for reconsideration is granted in part.

**I.    Discussion**

    The Court assumes familiarity with the facts and procedural history of this case. *See Moazzaz v. Met Life, Inc.*, No. 19-CV-10531, 2021 WL 827648 (S.D.N.Y. Mar. 4, 2021) (granting in part and denying in part Defendants' motion to dismiss) ("*Moazzaz I*") (ECF No. 36); *Moazzaz v. Met Life, Inc.*, No. 19-CV-10531, 2024 WL 1312995 (S.D.N.Y. Mar. 26, 2024)

(granting in part and denying in part Defendants' motion for summary judgment) ("*Moazzaz II*") (ECF No. 122). On April 9, 2024, Khalaf filed a motion for reconsideration of the Court's decision to deny his summary judgment motion with respect to Moazzaz's claims of individual liability against him under the EPA and New York Labor Law. (ECF No. 125.) On April 12, 2024, Moazzaz filed a motion to submit an additional declaration in support of her opposition to the motion for reconsideration. (ECF No. 129.) The Court denied Moazzaz's motion on April 17, 2024. (ECF No. 133.) Moazzaz filed an opposition to Khalaf's motion on May 4, 2024 (ECF No. 137), and Khalaf filed a reply on May 13, 2024 (ECF No. 138).

As a threshold matter, Moazzaz argues that the Court should not entertain Khalaf's motion because he did not raise the argument that provides the basis for his request for reconsideration in his summary judgment papers. Specifically, Moazzaz contends that Khalaf did not previously make the argument that he is not individually liable because he was not Moazzaz's "employer" under the equal pay statutes and that Khalaf cannot raise it for the first time in the instant motion. (ECF No. 137 at 2-3.) The Court acknowledges that new arguments ordinarily cannot be raised in a motion for reconsideration. *See Solid 21, Inc. v. Richemont N. Am., Inc.*, No. 19-CV-1262, 2022 WL 4448512 at *1 (S.D.N.Y. Sept. 23, 2022) (citing *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015)). Here, however, the Court addressed the issue of whether Khalaf was an "employer" under the EPA and New York Labor Law *sua sponte* in its summary judgment opinion because neither side had correctly stated or applied the standard for individual liability under those statutes. *See Moazzaz II*, 2024 WL 1312995 at *10 (ECF No. 122 at 22-23). "[I]t is precisely because the parties did not brief the issue . . . on summary judgment, and because the Court raised the issue sua sponte in its prior Opinion and Order, that the Court will entertain [the] argument in the instant motion for reconsideration."

*Kleeberg v. Eber*, No. 16-CV-9517, 2021 WL 1164205 at *5 (S.D.N.Y. Mar. 25, 2021). The Court therefore exercises its discretion to entertain Khalaf's motion.

On the merits, Khalaf argues that he is not individually liable as an "employer" under the EPA and New York Labor Law because he did not exert operational control over Moazzaz's employment at the time of the alleged equal pay violations. (ECF No. 126 at 2-5.) Under the EPA and its state analogue, an individual can bear liability as an "employer" based on whether the individual "possess[es] control over a company's actual 'operations' in a manner that relates to a plaintiff's employment," such as by determining "workplace conditions and operations, personnel, or compensation." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013); *Bonner v. Guccione*, No. 94-CV-7735, 1997 WL 362311, at *13 (S.D.N.Y. July 1, 1997) (concluding that individual liability exists for Equal Pay Act violations); *see also* 29 U.S.C. § 203(d). Personal complicity in the violations is not required for individual liability. *Irizarry*, 772 F.3d at 110. Khalaf argues that he did not have operational control during the time period of the disparate pay violations, which allegedly occurred primarily in 2017 and 2018. Khalaf did not become MetLife's CEO until May 1, 2019, which was less than two weeks before MetLife notified Moazzaz that her role was being eliminated. *Moazzaz II*, 2024 WL 1312995 at *1, *3 (ECF No. 122 at 2, 6). Before taking over as CEO, Khalaf was MetLife's Head of Europe, the Middle East, and America (EMEA) and worked outside the United States through late 2017. (ECF No. 138 at 3.) Khalaf had only a few limited interactions with Moazzaz prior to becoming CEO (ECF No. 126 at 4), and there is no evidence in the record that Khalaf participated in the relevant compensation and promotion decisions—all of which pre-dated Khalaf's tenure as CEO (ECF No. 138 at 3). Khalaf argues that "the Court overlooked [these] temporal dispositive facts relevant to whether [he] was 'an employer' subject to individual liability." (ECF No. 126 at 1.)

3

The Court based its original decision on the operational control Khalaf exercised as CEO after he took over MetLife's leadership from his predecessor, Steven Kandarian. *Moazzaz II*, 2024 WL 1312995 at *10 (ECF No. 122 at 22-23). The Court now clarifies that Khalaf's individual liability under the EPA and the New York Labor Law is limited to the period beginning May 1, 2019. Moazzaz's contention that Khalaf had operational control over Moazzaz's employment before becoming CEO exaggerates and distorts the record evidence. The record clearly establishes that Moazzaz did not report to Khalaf, either directly or indirectly, before Khalaf become CEO and that Khalaf, in his capacity as Head of EMEA, had no authority over the Real Estate portfolio that Moazaaz oversaw at the time. (*See* ECF No. 138 at 4.) The record also does not support Moazzaz's claims that Khalaf reviewed or evaluated her work. (*Id*. at 5.) There is also no evidence in the record demonstrating Khalaf's personal involvement in the decisions related to Moazzaz's promotion or termination. Nevertheless, even though MetLife notified Moazzaz of her termination on May 13, 2019, she remained on the payroll through July 31, 2019. *Moazzaz II*, 2024 WL 1312995 at *3 (ECF No. 122 at 6). Therefore, any alleged underpayment continued for the first three months of Khalaf's tenure as CEO. The Court thus concludes that a rational jury could find that Khalaf, as MetLife CEO, exercised operational control over Moazzaz's employment for part of the period of the alleged pay violations. Although Khalaf is entitled to summary judgment on any EPA and New York Labor Law claims based on violations that occurred before May 1, 2019, Moazzaz has raised genuine factual issues related to whether Khalaf exercised operational control over her employment as CEO from that point.

Accordingly, the Court grants reconsideration in part, and, upon reconsideration, grants Khalaf's motion for summary judgment as to any EPA and New York Labor Law claims based

on violations that occurred before May 1, 2019, but denies summary judgment on such claims against Khalaf based on violations that occurred on or after May 1, 2019.

The Court previously denied Moazzaz's request to submit an additional declaration as part of its opposition, as Moazzaz had every opportunity to establish a factual record during discovery. (*See* ECF No. 133.)  For the same reasons, the Court once again denies Moazzaz's renewed request to supplement the record.

**II.      Conclusion**

For the foregoing reasons, Defendant Khalaf's motion for reconsideration is GRANTED in part.  Upon reconsideration, Defendant Khalaf's motion for summary judgment as to the EPA and New York Labor Law claims based on violations that occurred before May 1, 2019 is GRANTED, and Defendant Khalaf's motion for summary judgment as to the EPA and New York Labor Law claims based on violations that occurred on or after May 1, 2019 is DENIED.

The Clerk of Court is directed to close the motion at ECF Number 125.

SO ORDERED.

Dated: May 22, 2024
       New York, New York

_____
                          J. PAUL OETKEN
                     United States District Judge