UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONA MOAZZAZ,

                Plaintiff,

-v-

METLIFE, INC., *et al.*,

                Defendants.

19-CV-10531 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Upon consideration of the parties' motions in limine and supplemental briefs, it is hereby ORDERED as follows:

      1. Plaintiff's motion to exclude Tracey Tate-Gowins's interview notes from the 2017 investigation is GRANTED pursuant to Federal Rule of Evidence 403. The Court finds that, even apart from the hearsay issues, the probative value of the notes, to the extent that they were not shown to Podlogar, Hediger, or Hijkoop, is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

      2. Defendants' motion to exclude the expert testimony of Dr. Peter Glick is GRANTED in part and DENIED in part. Dr. Glick will be permitted to testify, except that he will not be permitted (1) to testify regarding the significance of specific phrases that coincide with phrases used in this case, or (2) to testify in a manner that intrudes on the Court's role in explaining the law or the jury's rule in finding the facts.

      3. Defendants' motion to exclude Howard Bubb's comments is GRANTED pursuant to Federal Rule of Evidence 403. The Court finds that his comments have little probative value and that any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

4. Defendants' request to bifurcate the trial is GRANTED. If the jury finds liability and assesses compensatory damages, then a separate phase on potential punitive damages will follow. The parties are directed to confer and attempt to reach a stipulation regarding Defendants' wealth and finances and any other matters that will be admitted only in a punitive damages phase.

5. The remaining motions in limine are GRANTED in part and DENIED in part as stated at the November 14, 2024 conference.

6. The parties are reminded of Local Rule 47.1, which provides (1) that the parties must "seriously discuss the possibility of settlement a reasonable time before trial," and (2) that the Court may "assess the parties or counsel with the cost of one day's attendance of the jurors if [the] case is settled after the jury has been summoned or during trial," i.e., "as of noon one day before the designated date of the trial."

The Clerk of Court is directed to close the motions at ECF Numbers 154, 155, and 158.

SO ORDERED.

Dated: November 25, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge